UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Bobby L. Hinds,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services, LLC,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Defendant has transacted business within the State of Minnesota by attempting to collect this debt from Plaintiff over the telephone while he was located within and permanently residing within the State of Minnesota.

-1-

5. Defendant has transacted Business within the State of Minnesota by registering itself as a foreign corporation within the State of Minnesota with the Secretary of State.

## PARTIES

6. Plaintiff Bobby L. Hinds is a natural person who currently and permanently resides at all times relevant herein in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Cavalry Portfolio Services, LLC, (hereinafter "Defendant CPS") is a collection agency operating from an address of 500 Summit Lake Drive, Suite 400, Valhalla NY 10595, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Sometime on or around 2004, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt for a Ford Motor Credit Account in the approximate amount of $10,999.87 that was for Plaintiff's personal, family and household purposes.

### *Collection Call in October 2012 in Violation of the FDCPA*

9. On or about October 3, 2012, Defendant CPS's agents or employees communicated with Plaintiff by telephone and asked for payment on this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

10. Defendant CPS's collection employee offered to "settle" this account with Plaintiff.

11. Defendant CPS's employee told Plaintiff that they would have to continue to collect on this account until Defendant would take it to "judgment" or to "legal", or words to that effect.

12. Defendant CPS had neither the right nor the legal ability to bring suit against Plaintiff for this alleged debt because it had been incurred more than six (6) years before.

13. The threat by Defendant CPS's employee was therefore false and deceptive practice in an attempt to collect a debt.

14. This communication to Plaintiff in an attempt to collect a debt by Defendant CPS on this occasion was therefore a false and deceptive collection communication made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2),

1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1) amongst others.

### *Summary*

15. All of the above-described collection communications made to Plaintiff and others by each individual and the other collection agents employed by Defendant CPS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

### *Respondeat Superior Liability*

16. The acts and omissions of these individuals, and the other debt collectors employed as agents by Defendant CPS who communicated with Plaintiff and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CPS.

17. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CPS in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant CPS.

19. Defendant CPS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant CPS and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 6, 2013

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209

           Minneapolis, Minnesota 55414-3236
           Telephone:  (612) 379-8800
           Facsimile: (612) 379-8810
           pbarry@lawpoint.com

pfb/ra          **Attorneys for Plaintiff**

## VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Bobby L. Hinds, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Amended Complaint.
5. I have filed this civil Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5___ ___6___, ___2013___
              Month    Day       Year

_Bobby Hinds_
Signature